1
2
3
4
5
6
7
8
9
10

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ORVILLE BERNACKI, individually, and as personal representative of the Estate of GAIL BERNACKI, deceased, ) ) ) | Case No.: 5:13-CV-02140-EJD **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS** |
| Plaintiff, ) ) | |
| v. ) ) | **[Re: Docket Item No. 16]** |
| TANIMURA & ANTLE FRESH FOODS, INC., ) ) | |
| Defendant. ) ) ) | |

Presently before the Court is Plaintiff's Motion for Voluntary Dismissal of his Complaint (Docket Item No. 1).  Docket Item No. 16.  Per Civil Local Rule 7-1(b), the court has determined this motion is suitable for decision without oral argument.  Accordingly, the hearing scheduled for July 11, 2014, will be vacated.

Having considered the background, parties' submissions, and the relevant law, for the reasons set forth below, the court GRANTS Plaintiff's request for dismissal of all claims, with prejudice and with the parties to bear their own costs.

## I. BACKGROUND

Tanimura & Antle Fresh Foods, Inc. ("Defendant") sells various lettuce products throughout the United States and internationally, including to Canada.  Dkt. No. 1 ¶ 3.  In August

2012, the Canadian Food Inspection Agency isolated E. coli O157:H7 in a sample of Defendant's lettuce.  Id. ¶ 11.

Orville Bernacki ("Plaintiff") is the husband of the late Gail Bernacki ("the decedent").  Id. ¶ 1.  Plaintiff asserts that in late August 2012, the decedent consumed a Tanimura & Antle lettuce product contaminated with E. Coli O157:H7.  Id. ¶ 12.  On August 25, 2012, the decedent tested positive for E.Coli O157:H7.  Id. ¶ 14.  The strain[1] isolated in Defendant's lettuce was the same as that which infected the decedent.  Id.  On January 16, 2013, the decedent passed away.  Id. ¶ 17.  Plaintiff asserts the E. coli infection accelerated her death.  Id. ¶ 18.

On May 9, 2013, Plaintiff filed suit against Defendant on behalf of himself and the decedent's Estate.  Dkt. No. 1.  The complaint alleges the following claims: (1) strict liability in the sale of a lettuce food product containing E. coli O157:H7, and thus not fit for human consumption, Id. ¶¶ 19-24, (2) breach of express and implied warranties of merchantability regarding the lettuce product, Id. ¶¶ 25-28, (3) negligence in distributing lettuce contaminated with E. coli O157:H7, Id. ¶¶ 29-33, and (4) negligence per se in violating the food safety standards of the Federal Food, Drug and Cosmetics Act,[2] and the California adulterated food statutes, Id. ¶¶ 34-36.  In each of these counts, Plaintiff alleges that as a direct and proximate result, Plaintiff sustained injuries and damages.  Id. ¶¶ 24, 28, 33, 36.

On June 11, 2013, Defendant filed an answer to the complaint.  Docket Item No. 5.  Defendant does not assert any counterclaims.  See Id.

On February 14, 2014, Plaintiff filed a motion to dismiss.  Dkt. No. 16.  In the motion, Plaintiff requested the court dismiss all claims, without an award of costs to either party.  Id. ¶ 11.  Plaintiff, who is eighty years old, stated the reason for the motion was due to his distant residence in Alberta, Canada and the negative impact the litigation has had on his mental and physical health.  Id. ¶¶ 6-7.  Plaintiff had previously requested that Defendant stipulate to dismissal of the claims with no award of costs.  Id. ¶ 8.  Defendant declined to sign the stipulation because Defendant was

---

[1] The Complaint does not elaborate as to whether "the strain" isolated is more specifically linked to Defendant's lettuce, or simply that they were both E. Coli O157:H7, but simply states the strain is "rare".  Plaintiff does not elaborate on how "rare" the strain is.  See Dkt. No. 1 ¶ 14.

[2] 21 U.S.C. § 301.

2

United States District Court
For the Northern District of California

1   "not willing to waive its right to recover costs".  Aff. of William Marler ("Marler Aff.") Ex. 1, Dkt

2   No. 16.  Thus, Plaintiff filed the motion to dismiss requesting the court dismiss all claims without

3   an award of costs to either party.  Dkt. No. 16 ¶ 11.

4        Defendant filed a partial opposition to Plaintiff's motion on February 27, 2013.  Docket

5   Item No. 17.  Defendant requested that the court grant Plaintiff's request to dismiss the claims, but

6   not limit Defendant's option to recover costs.  Id. at 3:10-11.

## II.  LEGAL STANDARD

8        Under Federal Rule of Civil Procedure 41(a)(2), a court may dismiss an action by plaintiff's

9   request "on terms the court considers proper".  Fed. R. Civ. P. 41(a)(2).  The primary reason for

10   allowing the court to attach conditions to its grant of a motion for voluntary dismissal is to avoid

11   prejudice to the defendant.  Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 146 (9th

12   Cir. 1982).  Once dismissed, a court may not adjudicate the action on its merits, but maintains

13   jurisdiction over collateral matters.  Bldg. Innovation Indus., L.L.C. v. Onken, 473 F. Supp. 2d

14   978, 983 (D. Ariz. 2007).  Determinations regarding cost allocations are considered collateral, and

15   thus may be considered and adjudicated after the original suit is dismissed.  See Cooter & Gell v.

16   Hartmax Corp., 496 U.S. 384, 396 (1990).

17        Federal Rule of Civil Procedure 54(d)(1) states that costs should be allowed to the

18   prevailing party unless a court order provides otherwise.  Fed. R. Civ. P. 54(d)(1).  In a plaintiff's

19   voluntary dismissal under Rule 41(a), the defendant is deemed a "prevailing party".  Zenith Ins.

20   Co. v. Breslaw, 108 F.3d 205, 207 (9th Cir. 1997) abrogated on other grounds by Ass'n of

21   Mexican-Am. Educators v. California, 231 F.3d 572 (9th Cir. 2000).  Thus, unless the court orders

22   otherwise, the defendant may recover costs under Rule 54(d)(1).  If the court decides to deny costs,

23   it must provide reasons for the denial.  Subscription Television, Inc. v. S. Cal. Theatre Owners

24   Ass'n, 576 F.2d 230, 234 (9th Cir. 1978).

## III.  DISCUSSION

26        Plaintiff and Defendant both agree to a dismissal of all claims related to the action.  Thus,

27   the court will dismiss all of Plaintiff's claims.  However, Plaintiff and Defendant disagree on

28   whether Defendant should be allowed to recover costs.  Dkt. No. 16 ¶ 11; Dkt. No. 17 at 3:10-11.

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A.  Allocation of Costs**

In <u>Association of Mexican-American Educators v. California</u>, the Ninth Circuit upheld a district court's decision to deny costs to a prevailing defendant in a civil rights action based on the following issues: (1) that the plaintiffs' claims were not without merit, (2) the complexity and closeness of the disputed issues, (3) the public importance of the issues in the action, and (4) the plaintiffs' limited comparative resources.  231 F.3d at 592.[3]  A finding of misconduct on the part of the prevailing party was held not required for the denial of costs.  <u>Id.</u> at 593.

Plaintiff argues that his claims are not without merit, and could have been proven in court. Dkt. No. 16 ¶ 10.  Plaintiff's counsel stated that the facts of Plaintiff's case is "among the strongest" out of the "thousands of foodborne illness cases" he has litigated.  <u>Id.</u> ¶ 10.  Plaintiff further supports his factual assertions with an expert report by Dr. John Kobayashi, MD, MPH, who has "significant experience with the epidemiology of foodborne disease, including E. coli O157:H7 outbreaks".  Marler Aff. Ex. 3.  Dr. Kobayashi states that he "can conclude, on a more likely than not basis" that the deceased was infected by Tanimura and Antle Romaine containing E. coli O157:H7.  <u>Id.</u>

Defendant responds that Plaintiff would not have been able to prove his case in court, and Defendant would have prevailed had the litigation continued.  Dkt. No. 17 at 2:12-14.  Defendant supports this position with a declaration from his attorney, Gregory Rockwell, stating that, in his opinion, Defendant had "better than an 80% chance of prevailing on a motion for summary judgment" based on a lack of evidence showing that the deceased had eaten any of Defendant's lettuce.  Decl. of Gregory Rockwell ("Rockwell Decl.") ¶ 9, Docket Item No. 18.  He supports this position by stating that Plaintiff's adult daughter, Sharon Pluim ("Pluim"), stated in a deposition that she had been visiting her parents during the two week period before the deceased's hospitalization, and that she had no recollection of her mother purchasing or eating lettuce during that time.  <u>Id.</u> ¶ 8.  Defendant also notes that Plaintiff has not produced any documents to show

---

[3] <u>Association of Mexican-American Educators</u> differs from the current case in a major way, as the decision to deny costs was rendered after defendant prevailed at trial.  231 F.3d at 578-79.  Nonetheless, the court finds the justifications for denial of costs insightful for guiding its determination in the present case.

Case No. 5:13-CV-02140-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

evidence that either he or his wife purchased any lettuce during the period while the recalled romaine was available.  Id.  Pluim also stated that Plaintiff was in good physical condition.  Id. ¶ 7.

Based on the court's analysis of the allegations and supporting documents, it cannot be said that Plaintiff's claims are without merit.  It is undisputed that Defendant's lettuce tested positive for E. coli, and the infected lettuce was shipped to Canada.  Dkt. No. 5 ¶ 5.  Plaintiff's complaint also asserts that the strain causing the injury was the same as that isolated in Defendant's lettuce.  Dkt. No. 1 ¶ 14.  The court finds such factual allegations sufficient to deem that the Plaintiff's complaint was not wholly meritless.[4]  Further, because of the evidentiary and legal complexity at issue in the case, it is unclear who would have been the prevailing party had the case been fully litigated.  Both these factors weigh in favor of denying costs to the Defendant.  See White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 733 (6th Cir. 1986) (holding that the district court's consideration of the plaintiff's good faith, and the complexity of the case in denying costs to the defendant was not an abuse of discretion).

Furthermore, the court finds that Plaintiff's claims are of great public importance.  Food safety, particularly in the modern age of mass production and distribution, is of great importance to the public.  Defendant admits that E. coli was found in its lettuce in August 2012.  Dkt. No. 5 ¶ 5.  Defendant further admits that its lettuce is distributed both nationally and internationally.  Id. ¶ 3.  Thus, the court finds the potential for grave national impact is high.  Allowing Defendant to recover costs could deter future meritorious suits in similar cases.  Thus, the national importance and potential ramifications support a denial of cost allocations.  See Ass'n of Mexican-Am. Educators, 231 F.3d at 593 (affirming the district court's consideration of the public importance of the suit when denying costs in a civil rights action).[5]

---

[4] Defendant relies heavily on Pluim's testimony that she had not seen her mother, the decedent, eat any lettuce during the time leading up to her illness in late August 2012.  Rockwell Decl. ¶ 8, Dkt. No. 18.  However, this is contrary to Plaintiff's assertion in the complaint that the decedent did eat Defendant's lettuce product in the same time period.  Dkt. No. 1 ¶ 12.  The court is hesitant to make a credibility determination between the two assertions in order to find Plaintiff's complaint without merit.

[5] Association of Mexican-American Educators also lists a number of other factors in their decision to uphold a denial of costs, including the Plaintiff's financial resources.  Here, Plaintiff has not cited to his own limited resources in his motion to dismiss.  However, based on the totality of the circumstances present in the case, the court does not find the absence of this factor to outweigh the others cited in supporting its decision to deny costs.

Case No. 5:13-CV-02140-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

The primary reason recognized by other circuits for cost awards in Rule 41(a) voluntary dismissal cases is to compensate the defendant for its litigation costs in light of the risk of duplicative expenses if the plaintiff refiles the suit.  See Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985).[6]  Thus, courts generally do not award costs when the action is dismissed with prejudice, as there is no risk of duplicative litigation.  Burnette v. Godshall, 828 F. Supp. 1439, 1444 (N.D. Cal. 1993) aff'd sub nom. Burnette v. Lockheed Missiles & Space Co., Inc., 72 F.3d 766 (9th Cir. 1995).

Plaintiff moves to dismiss because of his frail health and remoteness from the court's location.  Dkt. No. 16. ¶ 7.  Plaintiff has not made any indication he wishes to reserve the right to relitigate the claims at any later date.  Thus, Defendant faces a low risk of duplicative expenses in subsequent litigation.  This factor weighs heavily in favor of denying cost allocations.  See Colombrito, 764 F.2d at 133-34 (reasoning that an award of costs and attorney's fees in a Rule 41(a)(2) dismissal of a 42 U.S.C. § 1988 action would be inappropriate when the prevailing defendant did not face a risk of relitigation because the suit was dismissed with prejudice).

Defendant argues that denial of costs "has implications that go beyond the amount of the costs themselves".  Dkt. No. 17 at 2:24-25.  Defendant implies that denial of costs could cause dismissal of the action to be "viewed ambiguously", and impact Defendant's reputation as a "proud, family owned company".  Id. at 3:5, 9.  However, this argument is unpersuasive.[7]  By the court's order granting Plaintiff's voluntary dismissal of his claim, Defendant is deemed a "prevailing party" for purposes of the litigation.  See Zenith, 108 F.3d at 207.  This status is unaffected by the court's decision to deny costs.

For these reasons, the court finds sufficient justification to deny Defendant costs.  Thus, each party shall bear his own costs.

---

[6] Colombrito discussed the reasons for declining an award of attorney's fees (not solely costs) when an action is dismissed with prejudice under Rule 41(a)(2).  764 F.2d at 128.

[7] Defendant argues that in a California malicious prosecution suit, a unilateral, voluntary dismissal is considered a "favorable termination" for the defendant, while a dismissal based on parties' agreement is not.  Dkt. No. 17 at 2:25-27 – 3:1-4 (citing Villa v. Cole, 4 Cal. App. 4th 1327, 1335 (1992); Minasian v. Sapse, 80 Cal. App. 3d 823, 827 (1978)).  However, the dismissal here is based on court order, not parties' agreement.  Thus, in the unlikely event that Defendant brings a malicious prosecution suit against Plaintiff, the ambiguity of a parties' agreement is irrelevant, as the issue in dispute is resolved by court order.

Case No. 5:13-CV-02140-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

United States District Court
For the Northern District of California

**B. Dismissal with Prejudice**

Unless otherwise specified by court order, a dismissal under Rule 41(a)(2) is deemed to be without prejudice. Fed. R. Civ. P. 41(a)(2). When a plaintiff requests dismissal without specifying whether requesting with or without prejudice, the plaintiff implicitly consents to the court's determination of whether to dismiss with or without prejudice. Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2002). A court should dismiss with prejudice when it would be inequitable to allow the plaintiff to refile the action. See Burnette, 828 F. Supp. at 1443.

Plaintiff does not specify whether he requests dismissal with or without prejudice. Thus, the court has discretion to determine whether to dismiss the case with prejudice or not. Williams v. Peralta Cmty. Coll. Dist., 227 F.R.D. 538, 539 (N.D. Cal. 2005). A significant portion of the court's reasoning in denying cost allocations rests on Plaintiff's unlikelihood to relitigate the claims he seeks to dismiss. As Plaintiff is benefitting from the court's denial of costs, it would be inequitable to allow Plaintiff to bring the action again. Thus, to ensure that there is no risk to Defendant of relitigation, the court dismisses Plaintiff's complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss is GRANTED, and all of Plaintiff's claims are dismissed with prejudice, with each party to bear his own costs. The hearing scheduled for July 11, 2014, is VACATED and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: July 3, 2014

EDWARD J. DAVILA
United States District Judge